## COLBY v. McOMBER ET AL.

1. **Acknowledgment:** CERTIFICATE: TITLE OF OFFICER. Where the title of the officer taking an acknowledgment appears in the body of the certificate, this is sufficient, under § 1958 of the Code, and such title need not be again written after the officer's signature.

2. **Pleading:** ISSUE WITHOUT REPLY. Where, in an action to foreclose a mortgage, plaintiff alleged that his mortgage was superior to defendant's judgment. and defendant, in what he called a counter-claim, alleged that his judgment was superior to the mortgage, *held* that no reply was necessary to put in issue such allegation of the counterclaim.

3. **Mortgage:** FORECLOSURE BY PLEDGEE BEFORE HIS CLAIM IS DUE: OBJECTION BY JUNIOR LIEN-HOLDER. A mortgage assigned as collateral security for a much smaller debt may be foreclosed, when due, by the holder, at least as against a defendant who is merely a junior lien-holder, for the whole amount thereof, and before the last secured debt is due.

4. ———: FORECLOSURE: PRIORITY: EVIDENCE. Where, on the face of the record, plaintiff's mortgage was superior to defendant's judgment, defendant could not claim that a decree declaring the mortgage superior was not warranted by the evidence, when he failed to introduce any evidence to impeach the records.

*Appeal from O'Brien Circuit Court.*

THURSDAY, MARCH 17.

THIS is an action in equity for the foreclosure of a mort gage. There was a judgment and decree for the plaintiff. Defendant Warren Walker appeals.

*Warren Walker*, for himself.

*E. C. Hughes*, for appellee.

ROTHROCK, J.—I.  The petition is in the usual form. It is based upon certain promissory notes made by the defendant McOmber to one McAndrews, and a mortgage upon certain real estate, executed by McOmber and wife, to secure the payment of the notes. It also sets forth an assignment of the mortgage by McAndrews to the plaintiff. McOmber and wife were made defendants, and a judgment on the notes and decree of foreclosure were demanded against them. H. O. Stanton, Bowles & Newcomb and Warren Walker were also made defendants upon the ground, as stated in the petition, that they had or claimed some interest in the mortgaged property, and it was averred that whatever lien or interest they had was junior and inferior to the mortgage. None of the defendants made any appearance to the action, excepting Warren Walker. A default was entered against all of the defendants who failed to appear, and a judgment and decree of foreclosure were entered against them. Walker filed an answer, in which he claimed a lien on the mortgaged property by virtue of a judgment against McOmber and his wife, rendered on the twenty-fifth day of September, 1884. He also averred that the plaintiff was not the real party in interest, because McOmber and wife had conveyed the mortgaged property to McAndrews, and that he was therefore the proper party plaintiff. He also averred that his judgment lien was superior to the lien of the mortgage.

The mortgage was recorded some time before the judgment

was rendered; and the answer, which is denominated a counterclaim, does not state why the judgment should be the superior lien, unless the pleader meant it to be understood that the mortgage was extinguished because the mortgagor had conveyed the land to the original mortgagee. This, however, does not appear to have been claimed on the trial, and, of course, it could not be so claimed, because the mortgagee would have the right to use the mortgage as a protection against subsequent liens, even if the land was conveyed to him.

The plaintiff offered the mortgage and assignment thereof as evidence. Walker objected because the instruments were not properly acknowledged. The acknowledgments appear to have been taken before Frank Patch, a notary public of O'Brien county. They are signed "FRANK PATCH, Notary Public." Appellant contends that the acknowledgments are defective because the notary did not write the words, "for O'Brien county," after his name. This was not necessary. The body of the certificates recite in plain and unmistakable language that Frank Patch was a notary public in and for O'Brien county, and this was sufficient. Section 1958 of the Code requires that the certificate of acknowledgment shall set forth the title of the court or person before whom the acknowledgment was taken. The proper place to make the recital is in the body of the certificate, and the law does not require a repetition of it after the signature. The decisions of this court cited by appellant are not inconsistent with this ruling. This is so apparent that we cannot take the time to cite them and comment upon them. If they did so hold, they would be in plain conflict with the statute above cited.

<p style="margin-left:2em;">1. ACKNOWL-<br/>EDGMENT:<br/>certificate:<br/>title of officer.</p>

II. It is claimed that the counter-claim should have been regarded as admitted, because the plaintiff did not reply thereto. No reply was necessary. The plaintiff had already set forth in the petition that the mortgage was the superior lien, and the defendant set forth

<p style="margin-left:2em;">2. PLEADING:<br/>issue without<br/>reply.</p>

in general terms that the judgment was a lien prior to the mortgage.  This made an issue between the parties.

III.  The assignment of the mortgage was made as collateral security for a note of $600.  The mortgage secured
**3. MORTGAGE: foreclosure by pledgee before his claim is due: objection by junior lien-holder.** about $1,300.  Appellant insists that, as the note for $600 is not yet due, the plaintiff could not maintain the action, and in any event the judgment should not have been rendered for more than the $600 and interest.  It may be that, if the makers of the mortgage had defended the action, they would have had the right to raise these questions.  But the appellant is in no position to defend for them.  Besides, the mortgage was due, and the assignment authorized the plaintiff to collect it.  The rights of priority claimed by appellant do not depend on the fact that the note held by plaintiff upon McAndrews is not due.

IV.  There are other questions urged by appellant, which we do not think it necessary to discuss.  They appear to be
**4. ——: foreclosure: priority: evidence.** founded on the idea that the decree is against the evidence.  The sum of the whole matter is that the records show that the appellant's judgment is junior to the mortgage.  It was incumbent on him to show that, notwithstanding this fact, he was entitled to the superior equity.  The plaintiff might well stand upon the mortgage and its assignment, because appellant offered no evidence that invalidated them in any way.  It is true, it appears that the mortgagors had made a quitclaim deed of the mortgaged property to McAndrews, and perhaps it would have been wise for the plaintiff to have made him a party defendant, and foreclosed whatever right he had.  But we need not determine whether or not he was a necessary party.  Appellant has had his judgment lien adjudicated, and he ought to be content.

AFFIRMED.